[Civ. No. 2478.   Third Appellate District.—July 1, 1922.]

## HORACE M. STONE, Appellant, v. ROSE A. STONE, Respondent.

[1] DIVORCE — COMMUNITY PROPERTY — FALSE ALLEGATION — INTRINSIC FRAUD.—A fraudulent allegation in a complaint in an action for divorce that there is no community property constitutes intrinsic and not extrinsic fraud and is not ground for attack upon the judgment.

[2] ID.—SILENCE OF COMPLAINT—DEFAULT—EFFECT OF JUDGMENT.— Where the complaint in an action for divorce alleges that there is no community property and the defendant, after personal service, makes default and final judgment is rendered dissolving the marriage but making no order, direction, or mention of property or other right, such judgment operates as an adjudication that at the time the action was begun there was no community property.

[3] ID.—IMMUNITY FROM COLLATERAL ATTACK.—A defendant in an action for divorce on a complaint which contains an allegation that there is no community property and a prayer for a decree of divorce and general relief, who, although served by publication of summons, has knowledge of the allegations of the complaint within a month after the entry of the interlocutory decree, which is silent as to property, and fails to make application for relief under section 473 of the Code of Civil Procedure, cannot collaterally attack the final decree by an independent action for determination of property rights.

APPEAL from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Peter J. Crosby, Robert McCord and Power & McFadzean for Appellant.

Guy Knupp for Respondent.

FINCH, P. J.—The defendant's demurrer to the amended complaint was sustained with ten days leave to

---

3.   Collateral attack on domestic decree of divorce, note, **Ann. Cas.** 1915B, 430.

Conclusiveness of property rights settled by decree of divorce, note, **Ann. Cas.** 1912C, 726.

plaintiff to amend. On plaintiff's failure to amend within the time allowed, judgment was entered in favor of defendant. From this judgment the plaintiff appeals. The sole question presented is whether the amended complaint states a cause of action.

The complaint alleges that prior to December 17, 1919, the parties were husband and wife; that at the time of the commencement of the action for divorce hereinafter referred to, the parties owned community property "consisting of money in bank and bonds and securities and other property, all of which was, at all times herein mentioned, well known to defendant"; that such money was "deposited in a joint bank account of the said parties . . . payable to either of said parties"; that "at some time subsequent to April 1, 1918, the exact time or times being unknown to this plaintiff, defendant herein, . . . without the knowledge or consent of plaintiff herein, . . . willfully and wrongfully withdrew the whole of the said community property and funds . . . and converted the same to her own use, and converted the same into other forms of property, or deposited or placed the same in another bank or in other banks," and mingled the same with other funds belonging to the defendant, "so that defendant herein then and there constituted herself in appearance the absolute owner of the said total sum"; that July 23, 1918, defendant commenced an action for divorce against plaintiff; that in her complaint she alleged "that there is no community property belonging to the parties herein"; that the prayer of the complaint was for a decree of divorce and "for any further relief that this court may deem meet"; that plaintiff herein was not served personally in that action, but that service was made by publication; that plaintiff had no notice and was without knowledge of the allegations contained in the complaint therein "until about the month of January, 1919"; that the defendant omitted to mention such community property in her divorce complaint "with intent then and there to cheat and defraud plaintiff herein . . . of his right and interest in and to" such community property; that defendant was granted an interlocutory decree of divorce December 3, 1918; that in the divorce action the court found "that all the allegations and averments of the complaint are true"; that the divorce was

granted on the ground of extreme cruelty; that "the disposition of the community property . . . was not made a part of, or determined by, either the interlocutory decree or the final decree made and entered in said action"; and that the respective rights of the parties in and to such community property has never been settled by agreement or otherwise. The prayer is for an adjudication of the rights of the parties in and to the community property and for other relief incidental thereto.

[1] The alleged fraudulent allegation that there was no community property constituted intrinsic and not extrinsic fraud. (*Benning* v. *Nevis,* 56 Cal. App. 192 [204 Pac. 866], and cases cited therein.) Since intrinsic fraud is not ground for the attack upon the judgment, the allegation of such fraud may be eliminated from consideration.

[2] In *Brown* v. *Brown,* 170 Cal. 1 [147 Pac. 1168], and *Brown* v. *Brown,* 170 Cal. 8 [147 Pac. 1171], the court held that where the complaint in an action for divorce alleges that there is no community property and the defendant, after personal service, makes default and final judgment is rendered dissolving the marriage but making no order, direction, or even mention of property or other right, such judgment operates as an adjudication that at the time the action was begun there was no community property. In that case the service on the defendant was personal, in this it was by publication and the defendant had no actual knowledge of the contents of the complaint until a month after the interlocutory decree was entered. In the Brown case the divorce was granted on the' ground of willful neglect, in this on that of extreme cruelty. In other respects the two cases are identical in principle.

[3] Appellant relies on the provision of section 580 of the Code of Civil Procedure that "the relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint," and *Staacke* v. *Bell,* 125 Cal. 309· [57 Pac. 1012], to the effect that the prayer for general relief cannot "enlarge the power of the court to grant relief not prayed for against a defaulting defendant." In *Cohen* v. *Cohen,* 150 Cal. 99, 102 [11 Ann. Cas. 520, 88 Pac. 267, 269], it is said: "Section 580 of the Code of Civil Procedure . . . does not make the judgment void in a case where the relief given is

58 Cal. App.—27

within the terms of a prayer for general relief and is germane to the cause of action stated, although it may not be authorized by the facts alleged. In such cases the judgment may be erroneous as to the excess and subject to reversal or modification on appeal, but it is not void, nor subject to collateral attack on that ground. . . . It can be modified in the lower court only by proceedings under section 473 of the Code of Civil Procedure, or by proceedings in equity. It has indeed frequently been held that a judgment for more relief than is prayed for is not void as to such excess and cannot be attacked in collateral proceedings, although there is no prayer for general relief.'' In this case the plaintiff is not seeking to have the judgment in the divorce case, or any part thereof, set aside, but he is asking for a decree establishing his alleged interest in property which, under authority of the Brown cases, has been judicially determined in the action for divorce not to be community property and his attack upon the judgment therein is clearly collateral. His complaint is based upon the assumption that the judgment is void in so far as it adjudges that there was no community property at the time the action was commenced. Plaintiff had knowledge of the allegations of the complaint, and presumably of the terms of the interlocutory decree, within a month after that decree was entered and eleven months prior to the entry of the final decree. He had full opportunity to seek relief from the judgment under the provisions of section 473 of the Code of Civil Procedure. That section provides: ''When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action to answer to the merits of the original action.'' Under this provision, the trial court, on proper application by defendant, would have been authorized ''to set aside the judgment as to him and allow him to answer to the merits at any time within one year after the rendition of the original judgment against him, even though the proceedings by publication were entirely regular, and the judgment, therefore, valid on its face.'' (*Fox* v. *Townsend,* 149 Cal. 659, 661 [87 Pac. 82, 83].) Had the defendant made such application on the

grounds alleged in his complaint.the court doubtless would have set the judgment aside and permitted the defendant to answer. Having failed to make such application, the defendant, in the language of the supreme court in the first of the Brown cases, "is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the condition and facts set forth in the complaint." The case of *Lang* v. *Lang,* 182 Cal. 765 [190 Pac. 181], cited by appellant, is not in point. In that case there was no allegation relative to community or other property and the prayer was simply for a decree of divorce.

The fact that the summons was served by publication rather than personally is not material under the facts of this case. "The presumption in support of a judgment of a court of general jurisdiction is not made to depend upon the way in which a summons is required to be served." (*McHatton* v. *Rhodes,* 143 Cal. 275, 279 [101 Am. St. Rep. 125, 76 Pac. 1036, 1038].) Appellant contends, however, that his allegation that the service of summons was by publication is at least a defective and informal allegation that the defendant in the action for divorce was a nonresident and that, therefore, the court was without jurisdiction to adjudicate the property rights of the parties, citing *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]. Whether or not the fact of nonresidence is material in such a case, the allegation in question cannot be construed as the averment that defendant was a nonresident. Section 412 of the Code of Civil Procedure provides for the service of summons by publication where the defendant "resides out of the state; or has departed from the state; or cannot, after due diligence, be found within the state; or conceals himself to avoid the service of summons." The court cannot presume that publication of summons was ordered by reason of nonresidence or absence from the state rather than upon the other grounds justifying such publication. The presumption is that the plaintiff pleaded all the facts which would tend to support his cause of action. He filed a complaint and an amended complaint and was granted leave to again amend. If he in fact was absent from the state or a nonresident at the time of service of summons in the action

for divorce, he would not have failed to so allege, in view of, his contention as to the effect of such absence or non-residence.

There being no difference in principle between this case and the Brown cases, the decisions in those cases must control in this.

The judgment is affirmed.

Burnett, J., and Prewett, J., *pro tem.*, concurred.