[L. A. No. 8530. In Bank.—July 2, 1927.]

W. A. STRONG, GEORGE C. ALBERT (Substituted), Respondent, v. CLARA R. SHATTO et al., Defendants; JOHN G. BULLOCK et al., Appellants.

[1] BUILDING RESTRICTIONS—RESTRICTIONS ON USE OF LAND—ACTION TO QUIET TITLE — DEFAULT — SERVICE—PARTIES.—In an action by the owner of a lot in a tract of land restricted for residential purposes to quiet title against restrictions and conditions subsequent in the deed of conveyance, in which action a declaratory judgment is sought defining the rights and interests of each and all the parties to the action in and to the property within the area of the entire tract, the defendants are actors and are called upon to set forth their respective rights with reference not only to the lot owned by each, but to the lots, ownership, and interest generally in the tract, as against the plaintiff and each of the co-defendants; and such of said defendants as have defaulted are not entitled to service of the answers of their co-defendants, which pray no further relief than that sought in the complaint, nor are they entitled to consideration upon an appeal from the judgment.

[2] ID.—ISSUES—JUDGMENT.—The trial court in such action was vested with power to enter whatever judgment, binding upon all of said defendants who had been duly served, defining and determining their and each of their respective rights and interests in said

tract of land as was fairly within the issues tendered by the supplemental complaint, and the default of the defendants who, being served, did not appear and answer, constituted an admission of every material fact essential to such judgment.

[3] ID. — CROSS-COMPLAINT — SERVICE—PARTIES—APPEAL.—In such an action, where the cross-complaint filed by one of the defendants, who was the original grantor of the lots in the tract, sought only remedies relating to the property of the plaintiff and did not affect in any degree the right and interests of any other defendants, the defendants who had defaulted in the action prior to the filing of the cross-complaint were not injuriously affected by it or the judgment in favor of the cross-complaint, and they were neither entitled to be served with such cross-complaint, nor to appeal from the judgment, for the reason that they were not "aggrieved thereby."

(1) 33 C. J., p. 1099, n. 19; 34 C. J., p. 176, n. 91.   (2) 34 C. J., p. 175, n. 73.   (3) 3 C. J., p. 634, n. 27.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Carr, C. W. Connell, S. F. McFarlane, B. Ray Schauer, Bradner W. Lee, Bradner W. Lee, Jr., Kenyon F. Lee and Loeb, Walker & Loeb for Appellants.

Shaw & McDaniel for Respondent.

THE COURT.—The following opinion, prepared by Mr. Justice Richards, is hereby adopted as the opinion of the court:

This appeal is by certain defendants in the case of *Strong* v. *Hancock,* wherein the decision of this court upon the main appeal has been this day filed (*ante,* p. 530 [258 Pac. 60]). The facts upon which the present appeal is predicated are fully set forth in said decision. The appellants herein were brought into this case after it had been for the first time tried in the superior court and after the judgment of said court rendered and entered upon said first trial had been reversed by the district court of appeal (45 Cal. App. 29, 187 Pac. 159), and

3.  See 2 Cal. Jur. 208; 21 Cal. Jur. 222.

after the substituted plaintiff in the action had filed a supplemental complaint amplifying the issues in the cause and making all of the lot owners in Shatto Place parties to the action prior to the second trial thereof. Said supplemental complaint having, with proper process, been served upon each and all of said added defendants, those of said defendants who are the appellants herein defaulted. After their said defaults had been duly entered the others of said new-made defendants who had not defaulted filed their respective answers to said supplemental complaint wherein they each set forth their respective claims as to their and and each of their ownership and interest in their respective lots in said Shatto Tract and generally in the properties embraced within said tract. Their said answers were not served upon those of their co-defendants whose defaults had been entered. The original defendant, Clara R. Shatto, also answered the said supplemental complaint with similar denials and averments to those of her co-defendants who had answered; and also filed and served upon said substituted plaintiff and upon her co-defendants who had not defaulted her said answer and cross-complaint, but did not serve either her answer or her said cross-complaint upon said defendants who are the appellants herein and whose defaults had prior thereto been duly entered. [1] The appellants herein contend that they were entitled, notwithstanding their aforesaid defaults and the due entry thereof, to be served with their co-defendant's said answers, and especially with the answer and cross-complaint of their co-defendant Clara R. Shatto; and hence urge upon this appeal that the judgment herein should be reversed. We find no merit in this contention. This action in its original inception was an action to quiet title and it retained this character throughout notwithstanding its amplification both as to parties and as to the relief sought through the filing and service of the substituted plaintiff's supplemental complaint. This being so, these appellants upon their introduction into this action became actors therein and were called upon to set forth their own respective rights with reference not only to the lot owned by each in said tract but with reference to the lots, ownerships, and interest generally in said tract, not only as against the plaintiff but also as against each and all of their co-defendants in said action. This is true not only because of the

nature of the action but doubly so because of the amplitude of the averments of the supplemental complaint as to the source and limitations upon the titles of each and all of said defendants in relation to their own particular property and the properties of each of the parties to said action, but also because of the fact that a declaratory judgment was sought by said substituted plaintiff defining the rights and interests of each and all of the parties to said action in and to the properties within the area of the entire tract. [2] The trial court was thus invested with power to render whatever judgment, binding upon all of said defendants who had been duly served, defining and determining their and each of their respective rights and interests in said tract as was fairly within the issues tendered by said supplemental complaint, and the default of said defendants who, being duly served, did not appear and answer, constituted an admission of every material fact essential to such judgment. (*Rowe* v. *Table Mountain Water Co.*, 10 Cal. 441; *Hutchings* v. *Ebeler*, 46 Cal. 557; *Title Ins. & Trust Co.* v. *King etc. Co.*, 162 Cal. 44 [120 Pac. 1066].) Having defaulted, these defendants and appellants were no longer entitled to be served with pleadings thereafter filed, which did not broaden the scope of the relief to which the plaintiff or their co-defendants would be entitled as against them or any of them under the averments of the supplemental complaint, other than those specially excepted to by the terms of sections 650 and 1014 of the Code of Civil Procedure. The answers, therefore, of their co-defendants, wherein no further relief was sought than that grantable under the terms of the said supplemental complaint, were not required to be served upon such defendants in default, and hence as to these the appellants herein are entitled to no consideration upon this appeal. This conclusion applies as well to the answer of the defendant Clara R. Shatto as to the like answer of her co-defendants who did not default. [3] This leaves as the only remaining problem upon this appeal the question as to whether said defaulting defendants were entitled, notwithstanding the prior entry of their and each of their said defaults, to be served with their co-defendant Shatto's cross-complaint. Section 442 of the Code of Civil Procedure provides that ''The cross-complaint must be served upon the parties *affected thereby*.'' An exam-

ination of the cross-complaint of Clara R. Shatto in this action discloses that the only remedies which she sought thereby related to the property of the substituted plaintiff herein within said Shatto Place and did not affect in any degree whatever the rights and interests of any other defendant therein. These appealing defendants were, therefore, in nowise injuriously affected by the averments of said cross-complaint nor by the limited relief sought therein, nor by the judgment of the trial court in favor of said defendant Clara R. Shatto upon her said cross-complaint. They were, therefore, neither entitled to be served with said cross-complaint nor were they entitled to appeal from the judgment entered thereon, for the reason that they were not "aggrieved thereby." (Code Civ. Proc., sec. 938.) The appellants, however, claim that they were aggrieved by the portion of such judgment wherein it was decreed "that the owner of each lot and parcel of land in said Shatto Place is the owner of an easement in each and every other lot or parcel of land in said tract to the extent of and as provided in and by said conditions, restrictions and covenants for the benefit of the parcel of land which he owns." The answer to this contention is that already suggested herein, viz., that since the terms, restrictions, reservations, and conditions subsequent of each and all of the deeds of each and all the defendants to this action were fully set forth in the supplemental complaint filed herein and the court was thereby asked to determine the respective rights and interests of each and all of said defendants thereunder and to render a declaratory judgment so doing, the court in the judgment it did thereafter render did not, in the particular aspect thereof above complained of, go beyond the issues tendered in said supplemental complaint and which said defendants by their and each of their defaults consented that the said court should so determine.

The judgment is, as to these defendants, affirmed.