[S. F. No. 13476. In Bank.—July 23, 1931.]

DIONYSIUS PADUVERIS, Respondent, v. MARY A. PARIS, Appellant.

Joseph E. Bien and Werner Olds for Appellant.

Eloise B. Cushing for Respondent.

SEAWELL, J.—Defendant appeals from a judgment for plaintiff in an action to quiet title to a lot in the city of Oakland. The parties were formerly husband and wife, and had resided upon the property to which the action relates until their separation. Defendant denied that her claim of interest was without right and alleged that said property was community property of herself and her former husband; that neither the interlocutory nor final decree of divorce entered in the action commenced by her in April, 1917, made any provision for the distribution of the community property; and that no settlement of her community interest had ever been made. She prayed that the court decree the extent of her interest and make such settlement thereof as it should deem proper.

Upon the trial of the action herein plaintiff introduced in evidence a deed of said property from his wife to himself and testified that said deed was signed by his wife in his presence in July, 1917, which was after she had filed suit for divorce, and immediately delivered to him. It was not acknowledged and had never been recorded. Defendant denied having signed said deed or any other instrument transferring her community interest to her husband. By its general finding that plaintiff was the owner and entitled to the possession of the property involved and that the claim of defendant was without right, the court below rejected defendant's contention that her signature was a forgery. Upon this appeal defendant does not attack the court's conclusion in this regard, which we find to be amply supported by satisfactory evidence, but contends that notwithstanding said deed may have been executed it is of no legal effect.

This contention is based in part on the premise that the interlocutory and final decrees of divorce, entered after the date of the deed, which do not purport to dispose of the property of the parties, nevertheless determined that the property here involved was community in character, and the force of said adjudications cannot be overcome in the action herein by evidence of a transaction had before the entry of said decrees. Defendant must fail in this argument for the reason that neither the interlocutory nor final decree purport to determine the character of the property.

Defendant alleged in her complaint for divorce on the ground of extreme cruelty that the property herein described was the community property of herself and her husband, of the value of $4,000 and subject to a mortgage of $2,500, and that the household furniture was of the value of $50. She prayed that it be set aside to her. The complaint was filed on April 3, 1917. The deed under which plaintiff herein claims bears date July, 1917. He filed a general demurrer in the divorce action, which was overruled. On October 5, 1919, more than two years after the execution of the said deed, the wife filed a supplemental complaint alleging additional acts of cruelty and describing the property, which she had referred to in the first complaint as

1046 Fifth Avenue, Oakland, by metes and bounds. She again prayed that it be set aside to her. Although said supplemental complaint does not expressly state that said lots were community property, it was intended to supplement rather than to replace the original complaint, and the allegation as to the community character of the property must, under the circumstances, be considered as being made of the date of the filing of the supplemental complaint, which was subsequent to the execution of the deed to the husband. Defendant defaulted and his default was duly entered on December 17, 1920. An interlocutory decree was rendered a year later and thereafter a final decree was entered. Both decrees are silent as to the property of the parties, and neither made any provision as to alimony or custody and support of the six minor children of the parties.

The default of the defendant in the divorce action constituted an admission of the truth of plaintiff's allegation that the property was community. (2 Freeman on Judgments, pp. 1392, 1398.) Had the decree found in accordance with said admission, the defendant would have been precluded from proving in a subsequent action instituted by him that the property was his separate property on the date to which the adjudication made in the divorce decree related. (*Brown* v. *Brown*, 170 Cal. 1 [147 Pac. 1168]; *Brown* v. *Brown*, 170 Cal. 8 [147 Pac. 1171]; *Metropolitan Life Ins. Co.* v. *Welch*, 202 Cal. 312 [260 Pac. 545].) This result would follow from an application of the general rules governing the conclusiveness of judgments. But an admission made by failure to answer is not the equivalent of an adjudication. Where the divorce decree fails to determine the property rights of the parties the husband is not precluded from thereafter showing that the wife had relinquished her community interest pending the divorce action.

In *Brown* v. *Brown*, 170 Cal. 1 [147 Pac. 1168], a default decree of divorce silent as to community property was held to constitute an adjudication that there was no community property. But the complaint in that case alleged that there was no community property. It does not follow in the case herein, in which certain property was alleged to be community, that the court's silence can be construed as an adjudication that the property was community. Portions of

the transcript of testimony taken at the time the interlocutory decree was granted were read in evidence. It appears that the court's failure to determine the property rights of the parties was due to plaintiff's abandonment of all questions in relation thereto as an issue in the divorce action. The attorney for plaintiff stated in said divorce action that plaintiff waived any claim to alimony or community property or custody of the children, and "just wanted to proceed with the divorce". Said attorney then asked plaintiff the following questions: "Q. Is there any community property? A. He has his own property. Q. You got property belonging to you and your husband. A. Yes, sir, that is on 5th Avenue. Q. Fifth Avenue? A. Yes, sir. Q. You waive all your right—you don't want anything of that house? A. No, I don't. Q. You gave that to your husband to take care of the children? A. Yes, sir. Q. And all the furniture and everything? A. Yes, sir."

The plaintiff in said divorce action filed a second divorce action against her husband on May 15, 1920. This action was dismissed upon the filing of a demurrer setting up the pendency of the prior action. In the complaint in the later action she alleged that the property, together with the furniture therein, was community property, but that she claimed no interest therein. The evidence is to the effect that the wife was to relinquish all claim to the community real property, which was heavily encumbered, provided the husband would support and rear the six minor children, four of whom were females, the youngest being but an infant. She demanded and received the best part of the household furniture.

 Appellant also makes the point that her interest in the community property, which has been held to be only an estate in expectancy (*Stewart* v. *Stewart*, 199 Cal. 318 [249 Pac. 197]), was not the subject of transfer from herself to her husband. That the wife may relinquish to her husband her interest in the community property, which is thereby converted into the separate property of the husband, is too well settled to require discussion. (See *Sanguinetti* v. *Sanguinetti*, 51 Cal. App. 347 [196 Pac. 799], and cases there cited; *Estate of Brix*, 181 Cal. 667 [186 Pac. 135].) Express authorization for such relinquishment, whether made

as a part of a separation agreement or otherwise, is found in section 158 of the Civil Code. A deed from the wife to the husband is an obvious mode of accomplishing the termination of the wife's interest.

Such transactions from which the husband gains an advantage are declared by section 158, *supra*, to be subject to the rules which control the actions of persons occupying confidential relations with each other, and must be shown to be fair as to the wife. In rendering judgment for plaintiff, the court below impliedly held that he had met the burden of showing the transfer to be fair as to his former wife, and we are not disposed to disturb its conclusion.

The parties had resided together with their six minor children upon the property until the wife left prior to the filing of her first complaint. The plaintiff herein testified that he and his wife had agreed to a dismissal of the divorce action and he had paid her attorney a portion of his fee. They were unable to effect a lasting reconciliation. She transferred the property to him with the understanding that he should assume full care of the children. The property was worth between $3,500 and $4,000 and subject to a mortgage of $2,500, which had been paid off entirely by the respondent at the time he brought the present action. The wife has since remarried and has not undertaken the care or contributed to the support of her children. The father seemed to have had difficulty in properly discharging the obligation of parental care, as he had no means of support save his daily wages. The record indicates that at one time the children were committed to institutions because of his inability to care for them, and that one of the daughters was placed in a county tubercular hospital soon after the separation and remained there for several years. One of the sons had been an inmate of the Whittier State School. However, the only home and support furnished by either parent was that given by the father upon the property here involved. At the time of the trial several of the children were residing there with him. The case was considered in all of its aspects by the trial court, and we are not disposed to disturb its judgment.

The judgment is affirmed.

Shenk, J., Preston, J., Curtis, J., and Waste, C. J., concurred.