[Civ. No. 4886.   Third Appellate District.—June 26, 1933.]

JOHN PARKER HARVEY et al., Appellants, v. MONTE N. GRIFFITHS et al., Respondents.

18

Roy H. Smith and A. C. Brydonjack for Appellants.

Gibson, Dunn & Crutcher and Robert E. Paradise for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them pursuant to an order sustaining without leave to amend, a demurrer to the second amended complaint. The complaint contains three causes of action, each of which is based upon fraud alleged to have been exercised incident to the procuring of an exchange of properties. The first two counts charge fraud in securing the execution of the instruments of conveyance and the complaint prays for rescission of the docu-

ments together with damages. The third cause alleges fraud in the foreclosure of a trust deed which was executed to secure a part of the purchase price of the real property received by the plaintiffs in the exchange, and asks for a cancellation of the judgment which was accordingly entered, together with damages.

The respondents contend that the complaint fails to state a cause of action, and that it is not susceptible of amendment, because it appears the plaintiffs were guilty of laches for failure to commence their suit within five years from the time of the alleged perpetration of fraud, and that the third cause constitutes a collateral attack upon a foreclosure judgment based upon acts which merely amount to intrinsic fraud.

Upon the contrary, the appellants assert their action is not barred under the provisions of section 338 of the Code of Civil Procedure until three years have elapsed from the date of the discovery of the fraud which they have alleged occurred within that period of time. It is further claimed the court abused its discretion in sustaining the demurrer without leave to amend the pleading.

The complaint alleges that the transaction of exchange of properties which is the basis for this suit for rescission occurred February 17, 1925, and that the fraud was not discovered by the plaintiffs until September 1, 1927. The original complaint was filed July 24, 1930. The only specifications of fraud which are recited in the first two counts are that the defendants misrepresented the value of the property which they conveyed to plaintiffs; that they wrongfully represented the property was connected with the municipal sewer system, and that they agreed to repair the roof of the building which is situated on the premises. With respect to the discovery of the alleged fraud the complaint merely alleges, "that on or about the 1st day of September, 1927, plaintiffs ascertained the falsity of said representations and because of the same, plaintiffs caused a grant deed of said lot 3 duly executed by them to be delivered to the defendants".

Assuming, without so deciding, that the allegations of the complaint, except for the statute of limitations, state a good cause of action based upon fraudulent representations to warrant rescission, no facts are recited which will have the

effect of tolling the statute so as to prevent the barring of the cause of action for more than three years after the alleged fraud was perpetrated. It is true, under the provisions of section 338 of the Code of Civil Procedure, that "an action for relief on the ground of fraud or mistake" must be commenced "within three years", but that "the cause of action in such case (is) not to be deemed to have accrued until discovery, by the aggrieved party, of the facts constituting the fraud or mistake".

The complaint fails to state a complete cause of action for the reason that it appears the suit was not commenced within three years from the time of the alleged perpetration of fraud and no facts or circumstances are recited from which the court may determine that the plaintiffs failed to actually discover the misrepresentations until a later date. All that the pleading alleges in that regard is "that on or about the 1st day of September, 1927, plaintiffs ascertained the falsity of said representations". No excuse for this failure is alleged. This is clearly inadequate. In the case of *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268, 269], which was a case in all essential respects exactly like the one at bar, the Supreme Court said:

"It is not enough that the plaintiff merely avers that he was ignorant of the facts at the time of their occurrence, and has not been informed of them until within three years. He must show that the acts of fraud were committed under such circumstances that he would not be presumed to have any knowledge of them—as that they were done in secret or were kept concealed; and he must also show the times and the circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged."

Many cases are therein cited which uphold the requirement to specifically recite facts in the complaint which will enable the court to determine as a matter of law whether the case is barred by the statute of limitations. Quoting with approval from the case of *Galusha* v. *Fraser,* 178 Cal. 653, 657 [174 Pac. 311], the Supreme Court said in the cause previously cited:

" 'Where the plaintiff sues for relief on the ground of fraud and seeks exemption from the three years period of

limitation for the reason that he did not discover the fraud until after it was perpetrated, he must not only show (1) that he did not discover the fraud until within three years next before the action was begun and (2) that the fraud was committed under such circumstances that he would not be presumed to have had knowledge of it at the time, but (3) *he must also set forth the times and circumstances under which the facts constituting the fraud came to his knowledge, so that the court may determine from the allegations of the complaint whether the discovery was within that period.'* "

Far from averring facts in the complaint in this action tending to rebut the presumption that the plaintiffs had full knowledge of the actual value of the property and that it was not connected with the sewer system, they alleged that "plaintiffs entered into occupation of said Lot 3, Block 36, Tract 5609, on or about July 1, 1925". It seems unreasonable to assume that owners could occupy their city property for more than two years without discovering its value or the fact that it was not connected with the sewer.

Subsequent to the filing of defendants' demurrer to the second amended complaint, the plaintiffs filed a document termed "Answer to Demurrer to Second Amended Complaint". This document contains arguments upholding the sufficiency of the allegations of the second amended complaint, together with a citation of numerous authorities. It is primarily in the form of an answer. It is now asserted this so-called answer to the demurrer contains additional allegations of facts and circumstances which supply the deficiencies of the complaint so as to render it adequate to meet the requirements necessary to toll the statute of limitations until the alleged discovery of the fraud. We find no such statements of fact. It may not be said to be an amendment to the amended complaint. No leave was asked or granted to file such an amendment. Moreover, there is no such pleading known to the California procedure as an answer to a demurrer. That document had no legal bearing on the pleadings in this suit, and contains no statements which would affect the determination of this appeal.

The third cause of action is based upon alleged fraud of the defendants in instituting a suit in equity and recovering a judgment by default against the plaintiffs for a deficiency indebtedness after the foreclosure sale of the

property under the provisions of their trust deed which was executed to secure the balance of the purchase price of the property. No facts are stated to indicate that the parties were not duly served with process in that action or that the court was without jurisdiction to render the judgment. This count of the complaint states facts only which constitute mere intrinsic fraud. This is a collateral attack upon the judgment. The procuring of a judgment by mere intrinsic fraud will not justify a court in setting it aside. The only ground upon which the judgment of a court may be vacated and set aside is that the court lacked jurisdiction to render the judgment, or that it was procured by extrinsic fraud. (*Hanley* v. *Hanley*, 114 Cal. 690 [46 Pac. 736, 737]; *Pico* v. *Cohn*, 91 Cal. 129, 133 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336]; *Hendricks* v. *Hendricks*, 216 Cal. 321 [14 Pac. (2d) 83]; 1 Freeman on Judgments, 5th ed., p. 661, sec. 331.) It is not claimed in this action that the defendants were guilty of conduct in the suit in which the default judgment was rendered which prevented them from having their day in court or which deprived them of a fair and an impartial trial. All that is asserted is that "defendants brought action claiming deficiency of $2025.85 . . . in the superior court of the State of California, in and for the County of Los Angeles, and fraudulently by wilfully concealing from the court the terms of said contract referred to in paragraph VII of the above first cause of action obtained a default judgment against plaintiffs and issued an execution thereon against the business which was then owned by the plaintiffs. . . . "

This is inadequate to state a cause of action based on extrinsic fraud. It was held in the case of *Hanley* v. *Hanley*, *supra*, that "it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony". Such conduct is declared to be intrinsic fraud as distinguished from extrinsic fraud, which alone will justify a court in holding that a judgment is void.

■ It is immaterial that the judgment which is assailed was procured by default. The defendants in that action had an opportunity to appear and protect their interest. They deliberately waived the right to their day in court by failing to appear and answer the complaint. A default judg-

ment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment provided the court acquired jurisdiction of the parties and subject matter involved in the suit. (*Hutchings* v. *Ebeler & Trout*, 46 Cal. 557; *Strong* v. *Shalto*, 201 Cal. 555 [258 Pac. 71]; 3 Freeman on Judgments, 5th ed., p. 2690, sec. 1296.)

The court did not abuse its discretion by sustaining the demurrer without leave to amend the second amended complaint. The plaintiffs had two opportunities to amend their original complaint so as to set out the necessary facts to constitute a good cause of action, and they failed to do so. The fact that a demurrer is sustained without leave to amend the complaint does not constitute an abuse of discretion in the absence of a request for permission to amend the pleading. (*Consolidated R. & P. Co.* v. *Scarborough, supra; Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550]; 22 Cal. Jur. 119, sec. 77.) No application to amend the second amended complaint was requested by the plaintiffs after the demurrer thereto was sustained.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.