[S. F. No. 15017. In Bank.—April 9, 1934.]

WALTER VINZANT ALLEN et al., Respondents, v. W. L. McCRARY, Appellant.

W. J. Hennessey and Pierre A. Fontaine for Appellant.

Abe P. Leach, Vaughns & Larche, George R. Vaughns and Frank M. Larche for Respondents.

SHENK, J.—Motion to dismiss the appeal or affirm the judgment.

The appeal is from a judgment for the plaintiffs in an action to quiet their title to certain real property in Alameda County.

The plaintiffs based their claim of title on a deed to said property executed and delivered to the plaintiff, Walter Vinzant Allen, by Artee Allen McCrary in October, 1926. Artee Allen McCrary died in October, 1930. The defendant W. L. McCrary is the administrator of her estate, and is sued in that capacity as well as in his individual capacity.

The defendant filed a cross-complaint claiming to be the owner and entitled to the possession of said property. His claim to the property was based upon its alleged community character. The plea of *res judicata* establishing the separate character of the property was interposed as part of the plaintiffs' answer to the cross-complaint. Over the objection of the defendant the trial court received evidence in support of that plea.

The ground of the defendant's appeal is the asserted error of the trial court in admitting evidence in support of the plea of *res judicata* and in concluding that such evidence barred the right of the defendant to any relief on his cross-complaint; also that the court erred in refusing to admit evidence of the community character of the property.

The defendant and Artee Allen McCrary in her lifetime were husband and wife. In 1923 an interlocutory decree of divorce from her husband was granted to the wife in an action commenced by her. No appeal was taken from the interlocutory decree entered in that action. A final decree was never entered. The judgment-roll in said action was received in evidence in support of the plaintiffs' plea in bar.

In the complaint in the divorce action it was alleged that there was no community property of the spouses. This allegation was denied by the answer, and in his cross-complaint filed in that action the defendant alleged that the real property here in controversy was the community property of the spouses. From the interlocutory decree it appears that formal findings of fact were waived, but in the decree it is recited: "And it appearing to the court and it is hereby found that there is no community property belonging to the parties hereto . . . Wherefore it is hereby ordered, adjudged and decreed that a divorce ought to be granted to said plaintiff . . . and it is further ordered, adjudged and decreed that the defendant take nothing by his cross-complaint."

The pleadings in the divorce action show that the property rights of the spouses including specifically the property involved herein were in issue. In such a case the interlocutory decree adjudicated the adverse claims with respect to that property. It was therefore a final adjudication of the property rights of the parties and becomes *res judicata* in any subsequent action where, as here, the plea may appropriately be interposed. (*Klebora* v. *Klebora*, 118 Cal. App. 613 [5 Pac. (2d) 965].) No error is shown.

The motion is granted and the judgment is affirmed.

Seawell, J., Langdon, J., Preston, J., Curtis, J., Thompson, J., and Waste, C. J., concurred.