[Civ. No. 12353.   First Dist., Div. Two.   Mar. 19, 1943.]

CLARA HINCH LINDLEY, Appellant, v. GRACE M. HINCH, as Special Administratrix, etc., Respondent.

M. F. Ryan for Appellant.

Redmond C. Staats and Redmond C. Staats, Jr., for Respondent.

DOOLING, J. pro tem.—Plaintiff appeals from a judgment for defendant entered after sustaining a demurrer to plaintiff's second amended complaint. The complaint alleges that Edward M. Hinch died in 1941 and respondent was appointed special administratrix of his estate; that plaintiff and decedent were married in 1893 and divorced in 1899; that at the time of their divorce they were possessed of community property consisting of $30,000 in gold coin and that at all times after their divorce decedent exercised dominion and control over all of said property, invested and reinvested it and died leaving an estate valued at $200,000 derived from the original $30,000. The complaint is framed on the theory that because the decree of divorce made no disposition of the community property the parties became tenants in common of the $30,000, and that thereafter decedent became a trustee of one-half of such property and its subsequent earnings by repeated oral promises to plaintiff that he would hold and manage it for her benefit.

As to the decree of divorce the complaint alleges in paragraph VII:

"That said decree of divorce, a copy of which is hereto attached, marked Exhibit 'A' and made a part hereof, made no disposition of the community property of plaintiff and decedent, Edward M. Hinch, and that upon the granting of said divorce, plaintiff and the said decedent Edward M. Hinch, each became entitled to an equal share of said property."

The copy of the divorce decree shows that plaintiff secured the divorce after default by decedent and makes no mention of community property. The complaint here is silent concerning the allegations of the complaint in the divorce action.

Appellant counts on the general rule that where a divorce decree makes no disposition of community property

the spouses become tenants in common thereof. (3 Cal.Jur. 10-Yr.Supp. 673.) Respondent points out that there is a well-established qualification to this rule by which it only applies where the existence or amount of community property are not put in issue by the pleadings (3 Cal.Jur. 10-Yr.Supp. 674), and that the complaint in this action contains no allegation that the complaint in the action for divorce made no reference to the community property of the parties. Respondent's point is well taken.

It is settled, for example, that where a divorce is granted by default upon a complaint which expressly alleges that there is no community property, the decree although silent on the subject becomes res judicata that there is no community property. (*Brown* v. *Brown,* 170 Cal. 1 [147 P. 1168] ; *Stone* v. *Stone,* 58 Cal.App. 415 [208 P. 993] ; *Champion* v. *Woods* 79 Cal. 17 [21 P. 534, 12 Am.St.Rep. 126].)  The reason for this rule is thus stated in *Brown* v. *Brown, supra,* at pp. 5 and 6 :

''Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. . . .  The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint. The proceeding is equivalent to a statement by Brown to plaintiff that he did not object to a divorce for the cause alleged, based upon the theory that there was no community property existing at the time the action was begun. . . . Although the final decree is silent as to property, it nevertheless operates as an adjudication that at the time the action was begun there was no community property.''

The allegation concerning the divorce decree hereinabove quoted therefore omits a necessary fact to support the conclusion of the pleader, attempted to be drawn therefrom, that upon its granting plaintiff and decedent ''became entitled to an equal share of said property.''

Respondent's assertion that the cause of action is barred by laches appearing on the face of the complaint is equally well founded. The complaint alleges in paragraph IX :

''That within two years after the granting of said decree of

divorce, and at various and divers times there after, the exact dates of which plaintiff cannot now with certainty recall, and up to and including a short time prior to decedent's death, it was orally agreed by and between the plaintiff and decedent, that the said Edward M. Hinch would continue to exercise dominion and control over all of said property and invest the same for the mutual benefit of plaintiff and decedent, and would make an accounting to plaintiff for the profits derived therefrom at such time as should be mutually agreed between them. That during the lifetime of decedent Edward M. Hinch, he never accounted to the plaintiff for the money held by him as aforesaid, or for the profits derived therefrom and that no demand was made by the plaintiff for an accounting during decedent's lifetime.''

The complaint is barren of any further explanation of plaintiff's delay of over forty years in asserting her rights to or attempting to derive any benefit from her claimed interest in, this valuable property. The quoted allegations standing alone are not sufficient to overcome the presumption of laches from such an unusual lapse of time. (*Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 P. 516] ; *Garrity* v. *Miller*, 204 Cal. 454 [268 P. 622].) A plaintiff cannot wait over half a normal lifetime and, after an alleged trustee is dead, seek the aid of a court of equity with no further explanation of his delay than that the alleged trustee made repeated oral promises to hold the property in trust. The reasons for this rule are fully stated in the two cases cited above, are grounded in experience and common sense, and need no repetition here. It may be well to add that the very rareness with which such exceedingly stale claims are asserted is itself an indication that in the normal course of events people do not, without better reason than that shown by plaintiff here, refrain for such an inordinate length of time from seeking some benefit from property in which they have a present beneficial interest. In the rare instances in which they do so long delay, reason and good conscience demand that they should not have recourse to the courts of equity without fully stating in their complaints facts which will clearly justify the interposition of the courts in support of their otherwise stale and easily falsified demands.

The case of *Miller* v. *Ash*, 156 Cal. 544 [105 P. 600], most strongly relied on by appellant, is an example of such a case. There a guardian had fraudulently concealed his breach of trust, and the reasons for the failure of the wards to discover

his perfidy over a period of more than forty years were fully alleged in the complaint. The allegations of the complaint in this action in explanation of the plaintiff's long delay fall far short of the facts alleged in the Miller case.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.