[Civ. No. 12671. First Dist., Div. Two. Oct. 30, 1944.]

YVONNE MAXWELL, Appellant, v. EDNA MAXWELL, Respondent.

550

S. M. Saroyan, Shirley, Robb & Saroyan and Dudley T. Shearer for Appellant.

Norbert Korte, Francis R. Kirkham, Louis E. Goodyear and Pillsbury, Madison & Sutro for Respondent.

NOURSE, P. J.—The plaintiff sued to recover from defendant the proceeds of certain insurance policies paid to defendant upon the death of Thomas Maxwell. Defendant had a judgment from which the appeal is taken.

The plaintiff and deceased were married in Seattle, Washington, in August, 1919. In April, 1920, and March, 1926, respectively, two policies of insurance were issued upon the life of deceased in both of which plaintiff was named beneficiary. In October, 1928, plaintiff and deceased were separated, the latter moving to San Francisco where he resided

until his death. In January, 1931, deceased filed in San Francisco a suit for divorce against this plaintiff in which he alleged that there was no community property of the parties to the marriage. The plaintiff herein, as defendant in the divorce proceedings, filed an admission of service of process, a consent to the jurisdiction, and a waiver of further service of process or notice. In February, 1931, an interlocutory decree of divorce was entered in favor of deceased upon the default of the defendant therein and the court found that "all the allegations of the complaint are true, and that they are sustained by testimony free from all legal exceptions. . . ." A final decree of divorce was entered in June, 1933, and in September of that year the deceased and the respondent were married. In 1936 the deceased changed the beneficiary named in both policies to his second wife, the defendant herein, and, upon his death in 1940 the proceeds of such policies were paid to defendant.

The burden of appellant's appeal rests upon the soundness of previous decisions of our Supreme and appellate courts holding that a prior judgment determining the rights of parties to specific property is a bar to subsequent litigation putting in issue the same claims to the same property. The leading case relied on by respondent is *Brown* v. *Brown,* 170 Cal. 8 [147 P. 1171.] That case involved the identical question of the effect of a divorce decree settling the property rights in a policy of life insurance. It followed the case between the same parties relating to interests in real property and reported at page 1 of the same volume. In that case the complaint in the divorce action alleged that there was no community property. The defendant defaulted and the court found that all the allegations of the complaint were true. The proceeds of the policy were paid to the estate and, in the cited case, the trial court found that the premiums due upon the policy were all paid from the community funds. But in reversing the judgment the Supreme Court held that the status of the property was conclusively determined in the divorce proceeding where it was adjudged that "there was no community property." The opinion reads (p. 9) : "The only difference between this case and the other case above mentioned, is that here the property is personal property while there it was real estate, and here it consists of an insurance policy which had become the property of Brown before the action for divorce was begun.

In consequence of the date of its acquisition by Brown, said policy, if it was community property, was in existence as such at the time the action for divorce was begun. Upon the principles laid down in case No. 2121, aforesaid, it would follow that the judgment of divorce, based upon the complaint declaring that there was no community property, is a conclusive determination against the plaintiff that this property is not community property, and by said judgment she is estopped from claiming any interest whatever in this part of the estate of Brown.''

In the first case of *Brown* v. *Brown,* in discussing the procedural situation, which is identical with what we have here, the court said (p. 5) : ''Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him. The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint. The proceeding is equivalent to a statement by Brown to plaintiff that he did not object to a divorce for the cause alleged, based upon the theory that there was no community property existing at the time the action was begun. When judgment is rendered upon such a complaint and default, it becomes, in effect, a contract between the parties that the judgment shall be final with respect to everything properly embraced within the allegations of the complaint and in the prayer for relief.''

In *Metropolitan Life Ins. Co.* v. *Welch,* 202 Cal. 312 [260 P. 545], the plaintiff wife in a divorce proceeding asked for an assignment to her of certain described community property. No reference was made in the complaint to a policy of life insurance. Nevertheless the court in the decree of divorce awarded her ''all of the community property of plaintiff and defendant.'' In a suit upon the policy the Supreme Court, on the authority of *Brown* v. *Brown, supra,* held that the decree was void insofar as it related to the insurance policy. It is there said (p. 317) : ''While the decree is silent as to any

other property either of said parties may have then owned or have been interested in, yet we think from what was said in the case of *Brown* v. *Brown, supra,* that said decree operates as an adjudication that at the time said action was begun there was no other community property. Therefore, whatever other property either of said parties then owned or was interested in, insofar as its community character was concerned, was by said decree determined to be the separate property of the particular spouse in whose name it was then held."

The rule is approved in *Paduveris* v. *Paris,* 213 Cal. 169, 172 [1 P.2d 986]; *Allen* v. *McCrary,* 220 Cal. 508, 510 [31 P.2d 388]; *Callnon* v. *Callnon,* 7 Cal.App.2d 676, 679 [46 P.2d 988]; *Lindley* v. *Hinch,* 57 Cal.App.2d 717, 719 [135 P.2d 421]; *Green* v. *Green, ante,* pp. 50, 59 [151 P.2d 679]; 85 A.L.R. pp. 347 et seq. Hence the legal effect of the judgment in the divorce case is that it is a conclusive determination that the insurance policies are not part of the community property of appellant and deceased and that the former is estopped from now litigating that issue. This is called the doctrine of collateral estoppel. (Restatement of the Law, Judgments, § 68.)

■ Appellant states that the only other issue involved is "Whether the court could presume and find that only those premium payments made out of plaintiff's earnings were made from the community funds of plaintiff and the insured."

As we have heretofore stated the decree in the divorce action conclusively determines that, at the time the complaint was filed in 1931 the appellant herein had no interest in the insurance. The record in the divorce action discloses that appellant deserted her husband in 1928. Her testimony that prior to the desertion she had paid some few premiums from community funds goes no further than the year 1928. If any community property had been acquired by the husband after the filing of the complaint in the divorce action, or after the entry of the interlocutory decree the burden was on appellant to prove it. Proof that some payments of premiums had been made from community funds prior to the separation does not meet this burden. To the contrary, proof of the separation in 1928, one thereafter living in Seattle, Washington, the other living in San Francisco, California, taken with the "contract" of the parties found in the pleadings in the divorce action that there was no community property at that

554

time (*Metropolitan Life Ins. Co.* v. *Welch, supra*) were sufficient to support the inference drawn by the trial court here that none was acquired after the separation. Therefore if we were permitted to concede the soundness of appellant's argument contrary to the rule of *Brown* v. *Brown, supra,* that she *might* have some interest in the proceeds of the policies based upon the proportion of premiums paid after the institution of divorce action, the trial court should not be asked to determine property rights upon mere conjecture. The burden rested on appellant to show by competent evidence that the rights claimed did in fact accrue. ■ The presumption that all property acquired during coverture is community property has no force as evidence in face of the adjudication that no community property was acquired.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 28, 1944.