[Civ. No. 20722. Third Dist. Dec. 28, 1981.]

ROSEMARY E. SMITH, Plaintiff and Appellant, v.
CLARENCE D. SMITH et al., Defendants and Respondents.

## COUNSEL

David W. Abbott for Plaintiff and Appellant.

George Deukmejian, Attorney General, Jeffrey L. Gunther, Deputy Attorney General, and Jack N. Martin for Defendants and Respondents.

## OPINION

**BLEASE, J.**—We consider whether the trial court erred in ruling that plaintiff's action to determine her interest in her former husband's military retirement benefits is barred by the doctrine of res judicata. We hold that the binding effect of the divorce decree on such interests was conclusively determined against her in an intervening action and may not be relitigated. We affirm the judgment.

## FACTS

This is the fourth action in a prolonged dispute concerning plaintiff's interest in defendant's[1] military retirement benefits. Plaintiff seeks in this action a partition of the benefits which she claims are held by the parties as tenants in common.

The first action commenced in February of 1967 when plaintiff filed a complaint for divorce. Although defendant was receiving military retirement benefits at that time, the retirement benefits were not pleaded as items of community property and were not considered in the litigation or apportioned by the trial court. The divorce was uncontested and the interlocutory decree divided the listed community property. The final decree incorporated the interlocutory decree.

On July 17, 1968, plaintiff moved to amend the final judgment of divorce on the basis of the mistake, inadvertence, and excusable neglect of her former attorney. The basis of the motion was that defendant's retirement benefits had been omitted from the list of community assets owned by the parties. It was denied on grounds of untimeliness. (See *Smith* v. *Lewis* (1975) 13 Cal.3d 349, 354 [118 Cal.Rptr. 621, 530 P.2d 589, 78 A.L.R.3d 231].)

On November 4, 1968, plaintiff, represented by her present attorney, initiated a new action against defendant (hereafter 1968 action), seeking, alternatively, (1) equitable relief to set aside the decree of divorce, or (2) the award of one-half of defendant's California National Guard retirement benefits. Equitable relief was sought on the ground that plaintiff was deprived of her "day in court" because her former attorney (Lewis) had negligently failed to include defendant's California National Guard retirement benefits as an item of community property in the divorce action.

Defendant demurred on the grounds that (1) Lewis' mistake was intrinsic for which no equitable relief lies and (2) the divorce decree was res judicata of the community property rights of the parties. Plaintiff filed no written opposition but argued the matter orally on December 23, 1968. On the same day, the demurrer was sustained without leave to amend and plaintiff, with remarkable prescience, immediately filed a

---

[1]The complaint names both plaintiff's former husband and the State of California as defendants, but the latter is merely a nominal defendant in this action, i.e., a stakeholder. Thus, all references to "defendant" are to plaintiff's former husband, Clarence D. Smith.

malpractice action against Lewis. The judgment of dismissal of the 1968 action followed, on January 13, 1969, which plaintiff did not appeal. The malpractice action was pursued successfully to judgment and plaintiff was awarded damages in the amount of $100,000. It was affirmed on appeal on January 20, 1975. (*Smith* v. *Lewis, supra*, 13 Cal.3d at pp. 353-361.)

In May 1978, plaintiff demanded an accounting and payment of one-half of defendant's retirement benefits. This action followed defendant's refusal to comply. Defendant answered the complaint and asserted numerous defenses, including that the judgment in the 1968 action was res judicata.

The trial court concluded, as a matter of law, that the second cause of action of plaintiff's 1968 complaint was identical in all material respects to the allegations of her current complaint and that the sustaining of the demurrer to the 1968 complaint without leave to amend was equivalent to an adjudication on the merits of the community property claims. It found the present action barred under the doctrine of res judicata.

DISCUSSION

A.

Plaintiff, having recovered damages from her former attorney for his negligent loss of her community interest in defendant's military retirement benefits (*Smith* v. *Lewis, supra*, 13 Cal.3d 349), now seeks to recover from defendant the interest which she had lost.[2] However, no issue is tendered whether the malpractice judgment collaterally estops plaintiff from maintaining this action. Rather, we are asked to consider whether the judgment in the intervening 1968 action is a bar to the present action.

The 1968 action sought alternative remedies: to set aside the divorce decree on equitable grounds *or* to adjudicate plaintiff's entitlement to a share of defendant's National Guard retirement benefits. The demurrer attacked the first as seeking improper relief and the second on grounds the divorce decree was res judicata on the issue of plaintiff's interest in defendant's retirement benefits.

---

[2]Plaintiff is not, in any event, entitled to receive any part of defendant's federal military retirement benefits. (*McCarty* v. *McCarty* (1981) 453 U.S. 210 [69 L.Ed.2d 589, 101 S.Ct. 2728].)

The judgment of dismissal necessarily resolved both prongs of the demurrer. If the judgment were limited to the propriety of the equitable remedy, it would not act as a bar to an appropriate remedy in a subsequent action. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 193, p. 3333; Rest., Judgments, § 49, com. a, p. 195; § 65, com. g, p. 276.) But the judgment also resolved the issue of res judicata tendered by the demurrer.[3] The trial court mistakenly found that issue to involve the merits of the plaintiff's claim to a share of the retirement benefits.[4] Rather, the 1968 action determined that plaintiff should have tendered the issue of retirement benefits in the divorce proceeding and that having failed to do so she is barred from litigating the issue.

Plaintiff misconceives the effect of the judgment in the 1968 action. She cites to the familiar rule that a judgment is res judicata if it was rendered on the merits; a judgment rendered on procedural or other grounds unrelated to the merits is not res judicata. (4 Witkin, Cal. Procedure, *supra*, Judgment, § 168, p. 3310 et seq.) Plaintiff then argues that the 1968 judgment did not reach the merits of her military retirement claim and that the issue of res judicata is therefore procedural. Although we agree with the premise, the conclusion does not follow.

Plaintiff's claim that res judicata is limited to the merits of the underlying claim is too sweeping. "Increasingly, . . . by statute, rule, or court decision, judgments not passing directly on the substance of the claim have come to operate as a bar. . . . [S]uch judgments are often described as 'on the merits' or as 'operating as an adjudication on the merits,' . . ." (Rest.2d, Judgments (Tent. Draft. No. 1 (1973)) § 48, com. a, p. 36.) Thus, a party is "'precluded from relitigating the very

---

[3]As resolved by the 1968 pleadings, the divorce decree did not adjudicate the community or separate status of the military retirement benefits. We are thus not presented with a case in which the divorce proceeding "directly and distinctly put in issue" and adjudicated whether the listed community property was *all* of the community property. (Hazard, *Revisiting the Second* Restatement of Judgments: *Issue Preclusion and Related Problems* (1981) 66 Cornell L.Rev. 564, 577-578; Freeman, A Treatise on the Law of Judgments (2d ed. 1874) § 257, p. 273; see also *Lewis v. Superior Court* (1978) 77 Cal.App.3d 844 [144 Cal.Rptr. 1]; cf. *Estate of Williams* (1950) 36 Cal.2d 289 [223 P.2d 248, 22 A.L.R.2d 716]; *Brown v. Brown* (1915) 170 Cal.1 [147 P. 1168].)

[4]The trial court ruling is based upon a misconception of the issues resolved in the 1968 action. It compared the causes of action in the 1968 and present actions, saw that they tendered identical claims and concluded that, because the 1968 court sustained the demurrer for failure to state a cause of action, the judgment reached the merits of the underlying claim. Accordingly, the court said that the 1968 action was res judicata. However, the 1968 action was concluded on demurrer and the demurrer tendered only the res judicata effect of the divorce decree, not the merits of the underlying claim.

question which was litigated in the prior action.'" (*MIB, Inc.* v. *Superior Court* (1980) 106 Cal.App.3d 228, 232 [164 Cal.Rptr. 828], quoting from Rest., Judgments, *supra*, § 49, com. b, at p. 195; see also Code Civ. Proc., § 1911.)[5] As the rule is stated in the Restatement Second of Judgments (Tent. Draft No. 4 (1977)) section 68, page 1: "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (See also Rest., Judgments, *supra*, § 49, com. b, pp. 196-197.) This is called "issue preclusion" by the Restatement. "Issue preclusion in a second action on the same claim is sometimes designated as direct estoppel. If, as more frequently happens, the second action is brought on a different claim, the rule of . . . Section [68] also applies; in such cases, preclusion is sometimes designated as collateral estoppel." (Rest.2d, Judgments (Tent. Draft No. 4 (1977)) § 68, com. b, p. 2; see also Rest., Judgments, § 49, com. b, p. 195; § 68 [p. 293].) Here we have a direct estoppel.

In California, issue preclusion is regulated by Code of Civil Procedure section 1911, which provides: "That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto." (*See Estate of Williams* (1950) 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716].)

The effect in a subsequent action of an issue which has been litigated turns, of course, on what was decided. (See 4 Witkin, Cal. Procedure, *supra*, §§ 173, 174, pp. 3315-3317.) ▋ If the issue which was decided is the kind which conclusively determines an action, then it is conclusive in a second action on the same claim.[6]

---

[5]The Restatement of Judgments, section 49, at page 193, states: "Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided." Comment b, at page 195, states in part: "b. *Effect of judgment as to issues decided.* Although, where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, *he is precluded from relitigating the very question which was litigated in the prior action.*" (Italics added.)

[6]"When an issue is actually litigated and determined in an action, the determination is also generally conclusive in any subsequent action between the parties on the same claim. This effect of the judgment is sometimes designated a *direct estoppel*. Ordinarily, after a judgment is rendered in an action, the claim is extinguished by the judgment's bar or merger effect, and therefore it is impossible to maintain a subsequent

■ The question which was determined in the 1968 action was the res judicata effect of the divorce decree on the plaintiff's entitlement to a share of defendant's retirement benefits. Plaintiff's success in this action, based upon *Henn* v. *Henn* (1980) 26 Cal.3d 323, 330-331 [161 Cal.Rptr. 502, 605 P.2d 10], necessarily requires a determination that the 1967 divorce decree did not conclusively determine that question. But that is precisely what was litigated and determined adversely to plaintiff in the 1968 action. It may not be relitigated.

We find support for this conclusion in *Henn*, albeit in dicta. In *Henn*, Henry Henn argued that a denial of a motion to modify the original decree "was a favorable ruling on the merit of his res judicata defense [to the motion]." (*Henn* v. *Henn, supra,* 26 Cal.3d at p. 331.) The court rejected the claim because of Henry's failure to establish that the motion was denied on that ground. (*Id.,* at p. 332.) However, the court said: "If Henry had established that the denial constituted an adjudication of ... his res judicata defense, it could have been entitled to res judicata effect as a valid exercise of the court's general equity jurisdiction. [Citation.]" (*Id.,* at p. 332, fn. 7.)

■ Although the 1968 determination that the divorce decree was res judicata on the issue of retirement benefits was incorrect (Code Civ. Proc., § 1911; *Henn* v. *Henn, supra,* 26 Cal.3d 323),[7] this fact does not control. For the purpose of the doctrine of res judicata, "'[a]n erroneous judgment is as conclusive as a correct one. [Citation.]'" (*Weil* v. *Barthel* (1955) 45 Cal.2d 835, 839 [291 P.2d 30]; *McKinney* v. *County of Santa Clara* (1980) 110 Cal.App.3d 787, 795 [168 Cal.Rptr. 89].) Plaintiff should have sought reconsideration of the 1968 ruling or appealed from the judgment of dismissal.

---

action on the claim. But there are exceptions." (Rest.2d, Judgments (Tent. Draft No. 1 (1973)) § 45, com. on cl. (c), p. 22.) The exceptions are issues, like improper venue, or non-joinder of parties, as to which a subsequent action with proper venue or proper joinder is not barred.

[7]The judgment in the 1968 action violated Code of Civil Procedure section 1911, which has been the law of this state since 1872 and has been held to limit the estoppel effect of a judgment to matters actually decided or necessary thereto. (See, e.g., *In re Lisa R.* (1975) 13 Cal.3d 636, 647 [119 Cal.Rptr. 475, 532 P.2d 123, 90 A.L.R.3d 1017]; *Clark* v. *Lesher* (1956) 46 Cal.2d 874, 880-881 [299 P.2d 865]; *Newhall* v. *Hatch* (1901) 134 Cal. 269, 272 [66 P.2d 266]; and see the citations *ante,* fn. 3; contra, *Krier* v. *Krier* (1946) 28 Cal.2d 841 [172 P.2d 681], a case not relying on § 1911.)

## B.

Finally, plaintiff contends that res judicata should not be applied to bar the action because to do so would result in injustice. She cites *Greenfield* v. *Mather* (1948) 32 Cal.2d 23, 34-35 [194 P.2d 1], for the proposition that res judicata "will not be applied so rigidly as to defeat the ends of justice or important considerations of policy" (*id.*, at p. 35) and asserts application of the doctrine in this case would deprive her of her day in court. We disagree. Although the injustice exception is ordinarily applied to "rulings of law, divorced from the specific facts to which they are applied" (*Chern* v. *Bank of America* (1976) 15 Cal. 3d 866, 872 [127 Cal.Rptr. 110, 544 P.2d 1310]; 4 Witkin, Cal. Procedure, *supra*, Judgment, § 216, subd. (2), pp. 3352-3353), which did not occur in the 1968 action, plaintiff has manifestly received her day in court on the substance of her underlying claim, although not against her former husband. Having failed to convince the trial court of her right to proceed on the 1968 complaint, she instantly filed an action for legal malpractice against her former attorney for negligent failure to assert her interest in defendant's retirement benefits in the divorce proceeding. She sought thereby to recover from her former attorney the value of the interest she had lost. She did not seek review of the 1968 ruling, evidently for reasons having to do with pursuit of the malpractice action. "The general rule is that a plaintiff [in a legal malpractice action] is entitled . . . to be made whole: i.e., when the attorney's negligence lies in his failure to press a meritorious claim, the measure of damages is *the value of the claim lost.* [Citation.]" (Italics added.) (*Smith* v. *Lewis, supra*, 13 Cal.3d at pp. 361-362.) Having introduced evidence concerning the value of the lost interest, plaintiff was made whole by a jury in the amount of $100,000. (See *ibid.*) There is no injustice in these circumstances in applying the doctrine of res judicata.[8]

The judgment is affirmed.

Reynoso, Acting P. J., and Carr, J., concurred.

---

[8]We resolve this issue only in the light of the claimed policy considerations attending the invocation of res judicata. We do not reach the issue whether the malpractice judgment operates as a bar to this action. (But see *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892]: "[I]t would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries.")