[Civ. No. 28603. Fourth Dist., Div. One. Sept. 21, 1983.]

NOEL D. STUART, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent.

2

COUNSEL

Noel D. Stuart, in pro. per., for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Respondent.

OPINION

**WIENER, Acting P. J.**—Plaintiff Noel D. Stuart appeals the judgment entered after the court denied her application for payment from the Real Estate Fund under Business and Professions Code section 10471.[1] We conclude the court properly refused her request to modify or reopen an earlier decision and therefore affirm.

*Factual and Procedural Background*

Stuart successfully sued the Real Exchange (Exchange) for breach of contract. Judgment was entered in October 1980. The court made findings of fact and conclusions of law; there was no finding Exchange committed fraud, misrepresentation, deceit, or conversion of trust funds. In September 1981 Stuart applied under section 10471[2] for an order directing payment out of the Real Estate Fund (Fund). (See § 10470 et seq.; *Deas* v. *Knapp* (1981) 29 Cal.3d 69, 72 [171 Cal.Rptr. 823, 623 P.2d 775].) Respondent California Department of Real Estate (Department) properly opposed the application[3] on the ground the original judgment was based on the court's finding of a simple breach of contract, and that none of the statutory grounds

---

[1]All statutory references are to the Business and Professions Code unless otherwise specified.

[2]Section 10471 in pertinent part provides: "(a) When any aggrieved person obtains a final judgment in any court of competent jurisdiction against any person or persons licensed under this part, under grounds of fraud, misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction when the judgment debtor was licensed and performed acts for which a license is required under this part, and which cause of action occurred on or after July 1, 1964, the aggrieved person may, upon the judgment becoming final, file a verified application in the court in which the judgment was entered for an order directing payment out of the separate account in the Real Estate Fund for education, research, and recovery purposes of the amount of actual and direct loss in the transaction up to the sum of ten thousand dollars ($10,000) of the amount unpaid upon the judgment, provided that nothing shall be construed to obligate that separate account for more than ten thousand dollars ($10,000) per transaction regardless of the number of persons aggrieved or parcels of real estate involved in the transaction."

[3]Defendant Exchange did not participate in the proceedings on Stuart's application and is not a party to this appeal.

prerequisite to recovery from the Fund were present. (See § 10471, subd. (a); *Deas* v. *Knapp, supra,* 29 Cal.3d at pp. 72, 76-80.) In rejecting Stuart's application, the court denied her request to relitigate the issue of fraud which she claimed had been adjudicated in the original lawsuit but had been erroneously omitted from the findings and conclusions. Stuart's appeal challenges the court's decision and presents an equal protection dimension to her case by focusing on the fact some parties may relitigate fraud.

*Discussion*

■  The res judicata doctrine prevents parties from relitigating an issue already adjudicated. (*In re Crow* (1971) 4 Cal.3d 613, 622 [94 Cal.Rptr. 254, 483 P.2d 1206]; see *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 257 [142 Cal.Rptr. 414, 572 P.2d 28].) An original decision, even if erroneous, may not be relitigated. (See *Smith* v. *Smith* (1981) 127 Cal.App.3d 203, 209 [179 Cal.Rptr. 492].)

Stuart claims res judicata will not bar an action where applying it would "defeat the ends of justice or important considerations of policy." (*Greenfield* v. *Mather* (1948) 32 Cal.2d 23, 34-35 [194 P.2d 1]; see also *Smith* v. *Smith, supra,* 127 Cal.App.3d at p. 210; but see *Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 796 [126 Cal.Rptr. 225, 543 P.2d 593].) ■  Although we are not convinced the *Greenfield* rule has current validity (see *Slater* v. *Blackwood, supra,* 15 Cal.3d at p. 796), there is no injustice here in denying Stuart the right to relitigate fraud where she had the opportunity to do so in the original lawsuit and the further opportunity to timely petition the trial court to modify its findings and conclusions. (See Code Civ. Proc., § 634.)

Stuart points to *Deas* v. *Knapp, supra,* 29 Cal.3d 69, asserting the Supreme Court there recognized the right to relitigate fraud. *Deas,* however, involved only a question of interpretation in which the court held the Department and the judgment debtor had the right to relitigate the finding of fraud. (*Id.,* 29 Cal.3d at pp. 79-80.) Lacking similar legislative authorization for the judgment creditor in a Fund action to relitigate a nonfinding of fraud, *Deas* is inapposite.

■  Finally, Stuart claims precluding her from relitigating fraud denies her equal protection of the law. ■  Unless strict scrutiny applies or a fundamental interest is implicated, a challenged statute must bear some rational relationship to a conceivable legitimate state interest. (*Serrano* v. *Priest* (1976) 18 Cal.3d 728, 761 [135 Cal.Rptr. 345, 557 P.2d 929].) ■  Stuart is not a member of a suspect class and, although she claims an important right is involved, the financial deprivation resulting

from the challenged disparate treatment is not a fundamental interest. The classification is simply economic regulation, presumably constitutional. (*Ibid.*)

Permitting the Department to relitigate fraud is certainly a legitimate purpose. In fact, because the Department was not a party to the underlying lawsuit, res judicata would not preclude its litigating fraud in the Fund action. (See *In re Crow, supra,* 4 Cal.3d at p. 622.)

Allowing the judgment debtor to relitigate fraud also serves a legitimate state goal. A Fund action involves not merely monetary liability but the loss of the right to conduct business. (See § 10475.) Thus, the Legislature decided for reasonable policy reasons to modify the res judicata rules for both the Department and for licensees. (See *Deas* v. *Knapp, supra,* 29 Cal.3d at p. 79.)

Precluding the judgment creditor from relitigating fraud in a Fund action is rationally related to legitimate state interests in advancing the policies underlying the res judicata doctrine (see *Vella* v. *Hudgins, supra,* 20 Cal.3d at p. 257) and in promoting the finality of judgments. (See *Deas* v. *Knapp, supra,* 29 Cal.3d at pp. 80-81 (conc. and dis. opn. of Mosk, J.).) Such disparate treatment does not deny judgment creditors equal protection of the law.

*Disposition*

Judgment affirmed.

Work, J., and Butler, J., concurred.