Filed 7/23/15  Zone Sports Center v. Red Head CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ZONE SPORTS CENTER LLC et al., Plaintiffs and Appellants, v. RED HEAD, INC., Defendant and Respondent; RICHARD HAMLISH, Objector and Appellant. | F068984 (Super. Ct. No. 13CECG01935) **OPINION** |

APPEAL from an order of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Rummonds Thornton, Douglas V. Thornton; Law Offices of Paul M. Smith II, Paul M. Smith II; Law Offices of Richard Hamlish and Richard Hamlish for Plaintiffs and Appellants.*

Kinnear Law Firm and James Wesley Kinnear for Defendant and Respondent.

Richard Hamlish, in pro. per., for Objector and Appellant.

-ooOoo-

Plaintiffs' attorney, Richard Hamlish, appeals from an order imposing sanctions against him for filing a frivolous complaint.  Because we find the complaint was not

---

* Plaintiffs/Appellants appeared for oral argument but subsequently dismissed their appeal.

entirely frivolous, we reverse the order for sanctions against appellant and direct that the trial court redetermine the appropriate sanctions to be imposed for seeking to relitigate certain causes of action of the complaint.

*FACTUAL AND PROCEDURAL BACKGROUND*

**2009 Confidential Settlement Agreement**

Red Head, Inc. (Red Head) and Fresno Rock Taco, LLC (FRT) entered into a license agreement by which Red Head authorized FRT to use its trademarks and other intellectual property in connection with FRT's development and operation of a restaurant and night club called the Cabo Wabo Cantina. Red Head subsequently notified FRT that it was in breach of the license agreement and the license agreement was terminated. Red Head filed an action against FRT in federal court, alleging causes of action including trademark infringement and breach of contract. In 2009, the parties entered into a confidential settlement agreement (CSA) and stipulated judgment resolving their dispute and ending the litigation.

**2010 Federal Action**

In October 2010, Hamlish, on behalf of FRT, Zone Sports Center, LLC (Zone), and Milton Barbis, filed a complaint against Red Head and others in federal court, alleging various causes of action arising out of the license agreement and the construction and operation of the cantina. It also sought to rescind the license agreement and the CSA on multiple grounds. On September 1, 2011, the federal court granted the Red Head defendants' motion to dismiss all of the claims in the complaint. Claims other than those that sought rescission of the CSA were dismissed on the ground they were barred by res judicata. The federal court granted the motion to dismiss the claims for rescission of the CSA, but granted plaintiffs leave to amend as to the claim for rescission on the ground FRT and Barbis signed the agreement as a result of duress or undue influence. The federal court dismissed all other claims with prejudice.

Plaintiffs amended their complaint, but the federal court again granted Red Head's motion to dismiss, granting leave to amend to allege only a claim for rescission of the CSA on the ground FRT and Barbis agreed to it under duress due to alleged death threats. A different judge was later assigned to the case and issued an order to show cause why the action should not be dismissed for lack of subject matter jurisdiction. In response, the plaintiffs submitted a proposed third amended complaint, alleging both a cause of action for rescission of the CSA on the ground of duress and a cause of action for rescission of the stipulated judgment in the prior federal action on the same ground. The federal court treated the third amended complaint as the operative pleading.

On May 22, 2013, the second judge in the federal action entered an order dismissing the remaining causes of action. It found it lacked subject matter jurisdiction of the claim for rescission of the CSA. The court entered judgment in favor of Red Head and against FRT, Zone and Barbis.

**2013 Superior Court Action**

Subsequently, Hamlish, on behalf of FRT, Zone, and Barbis, initiated this action against Red Head, alleging essentially the same causes of action as those alleged in the 2010 federal complaint, including causes of action for rescission of the license agreement, rescission of the CSA, and breach of the license agreement.[1] Red Head demurred to each cause of action of the first amended complaint on the ground each one was barred from relitigation by res judicata and collateral estoppel. At the same time, Red Head filed a motion for sanctions against plaintiffs and Hamlish, asserting the first amended complaint was frivolous in that the federal court had already dismissed virtually identical causes of action on the ground they were barred by res judicata. Plaintiffs

---

[1]    Paragraph 3 of the first amended complaint even alleges: "This matter was originally filed on October 4, 2010, in the United States District Court for the Eastern District of California" and "contained both federal and state claims."

3.

opposed the demurrer and the motion for sanctions, asserting res judicata did not bar their claims because the federal court lacked subject matter jurisdiction to hear them.

The trial court sustained the demurrer as to all causes of action without leave to amend. It granted the motion for sanctions, and awarded defendant $13,685.44 in attorney fees as sanctions against both plaintiffs and Hamlish. Plaintiffs appealed from the judgment and the order awarding sanctions, but subsequently dismissed their appeal. Hamlish appeals from the order imposing sanctions against him.[2]

## *DISCUSSION*

### I.    Appealability

Hamlish appeals from the order granting Red Head's motion for sanctions. An order imposing monetary sanctions in excess of $5,000 against a party or an attorney for a party is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(2); *Golightly v. Molina* (2014) 229 Cal.App.4th 1501, 1520.)

### II.    Award of Sanctions

Red Head sought an award of attorney fees as sanctions pursuant to Code of Civil Procedure section 128.7, subdivision (b)(2), (3). A trial court's award of sanctions is reviewed under an abuse of discretion standard. (*Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 399 (*Burkle*).) If, however, interpretation of a sanctions statute is required, it presents a question of law which we review de novo. (See, *Morgan v. United Retail, Inc.* (2010) 186 Cal.App.4th 1136, 1142.)

The sanctions statute provides, in pertinent part:

> "(b)  By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is

---

[2]    On February 25, 2015, we entered an order construing the notice of appeal to include notice by Hamlish of his appeal of the sanctions order and permitting him to appear at oral argument and argue the issue of sanctions, although he had withdrawn from representation of plaintiffs after filing briefs on their behalf.

certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: [¶] … [¶]

"(2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

"(3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." (Code Civ. Proc., § 128.7, subd. (b)(2), (3).)

"'The purpose of [Code of Civil Procedure] section 128.7 is to deter frivolous filings.'" (*Kojababian v. Genuine Home Loans, Inc*. (2009) 174 Cal.App.4th 408, 421.) Whether an action is frivolous is determined by an objective standard, that is, whether the challenged conduct was objectively unreasonable. (*Burkle*, *supra*, 144 Cal.App.4th at p. 401.) "A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.'" (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 (*Peake*).)

The trial court concluded Hamlish's conduct in filing this action was objectively unreasonable. It stated the majority of the first amended complaint was barred by res judicata. The first amended complaint was indistinguishable from the complaint in the 2010 federal action, and the federal court made clear and specific rulings, finding that the claims alleged there were already barred by res judicata based on the 2009 stipulated judgment or they failed to state a viable claim for relief. As to the claim of duress, the trial court interpreted the federal court's decision as determining there was insufficient evidence to support it. The trial court stated "the defect [was] in the complaint as a whole and not attributed to any specific detail therein." Because the matter had already been determined in federal court, the trial court held the subsequent filing of the complaint in this action was objectively unreasonable and warranted sanctions. It imposed sanctions

5.

against plaintiffs and Hamlish in the amount of Red Head's attorney fees incurred in the defense of the action.

We conclude that, while the federal court orders and judgment finally disposed of certain causes of action, so that any reasonable attorney would have concluded res judicata barred further litigation of those claims, the orders did not finally dispose of one claim, which was dismissed for lack of jurisdiction, and were ambiguous in other respects. Accordingly, sanctions for frivolousness were appropriate only as to some of plaintiffs' causes of action.

### A. Res judicata

"'The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.'" (*Warga v. Cooper* (1996) 44 Cal.App.4th 371, 377.) "'A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action.'" (*Castro v. Higaki* (1994) 31 Cal.App.4th 350, 357.) Thus, the basic requirements for application of res judicata are the same parties or their privies, the same cause of action, and a valid final judgment on the merits.

### B. Lack of subject matter jurisdiction

Hamlish asserts the judgment in the 2010 federal action was not on the merits, and therefore was not barred by res judicata, because the action was dismissed based on lack of subject matter jurisdiction. A dismissal on the ground of lack of subject matter or personal jurisdiction is not a judgment on the merits. (*Nichols v. Canoga Industries* (1978) 83 Cal.App.3d 956, 967.) The records from the 2010 federal case, of which the trial court took judicial notice, demonstrate that only one claim asserted in plaintiffs' complaint—the claim for rescission of the CSA on the ground plaintiffs executed it under duress after a defendant in that action made death threats against Barbis—was dismissed for lack of subject matter jurisdiction.

6.

In its September 1, 2011, order on the defendants' motion to dismiss the original complaint in the 2010 federal action, the federal court determined all claims asserted in the plaintiffs' complaint, with the exception of the three causes of action requesting rescission of the CSA, were "barred by res judicata and dismissed with prejudice." The federal court also concluded the claims for rescission of the CSA, with the exception of the claims based on coercion and undue influence, failed to state an actionable claim. The federal court dismissed with prejudice all claims alleged in the complaint, with the exception of the plaintiffs' claim for rescission on the ground Barbis and FRT were under duress or unduly influenced, which the plaintiffs were granted leave to amend. In a subsequent order after amendment of the complaint, the court again granted the defendants' motion to dismiss, granting leave only to amend the claim seeking rescission of the CSA on the ground FRT and Barbis were under duress based on alleged death threats by the defendants.

After further amendment, a newly assigned judge dismissed for lack of subject matter jurisdiction the remaining cause of action for rescission of the CSA on the ground of coercion by death threats. In his May 22, 2013 order of dismissal, he concluded a federal court does not have jurisdiction of an action to enforce or invalidate a settlement agreement unless it expressly reserved that jurisdiction or there is an independent basis for federal jurisdiction. The CSA did not expressly retain the federal court's jurisdiction of a subsequent action to enforce or invalidate the CSA, so the court could not base jurisdiction on that ground. The third amended complaint did not allege facts supporting federal diversity jurisdiction. The cause of action for rescission of the CSA due to coercion was based on California law and did not support federal question jurisdiction. The judge declined to exercise pendent jurisdiction, concluding there was no substantial federal claim before the court, arising out of a common nucleus of operative fact, because the federal claims were all barred by res judicata. Thus, the third amended complaint did not allege any independent basis for federal jurisdiction. The federal court dismissed the

remaining cause of action for rescission of the CSA for lack of federal subject matter jurisdiction.

"Absent complete diversity of citizenship among the parties, the federal court ordinarily has no jurisdiction over claims based on state law. [Citations.] An exception to this rule exists where a claim based on state law forms a separate but parallel ground for relief also sought in a substantial claim based on federal law. In such a case, the federal court can exercise 'pendent jurisdiction' over the state law claim." (*Boccardo v. Safeway Stores, Inc*. (1982) 134 Cal.App.3d 1037, 1044-1045 (*Boccardo*).) Pendent jurisdiction is discretionary. (*Id*. at p. 1046.) "Where a federal court has exercised pendent jurisdiction, it can proceed to dispose of the state claim even after dismissal of the federal claim." (*Id*. at p. 1045.)

The first judge in the 2010 federal action dismissed all of the federal claims and almost all of the state claims on the ground of res judicata, implicitly exercising pendent jurisdiction of the state law claims. The second judge dismissed the remaining claim for rescission of the CSA, finding the federal court did not have jurisdiction to hear it. Nonetheless, he did not revisit or reconsider the earlier dismissal orders; he made no finding regarding jurisdiction of the claims already dismissed, nor did he vacate the earlier dismissal orders or change them in any way. Thus, the judgment entered by the second federal judge addressed only the claim to rescind the CSA based on death threats. It did not address any of the claims previously dismissed by the first judge.

In federal court, a judgment is final only if it (1) adjudicates all the claims of the parties or (2) expressly determines there is no just reason for delay and expressly directs the entry of judgment on fewer than all of the claims. (Fed. Rules Civ. Proc., rule 54(b); *Jetco Electronic Industries, Inc. v. Gardiner* (5th Cir. 1973) 473 F.2d 1228, 1231 (*Jetco*).) If, however, an order dismissing some of the claims presented by the complaint is followed by a later order disposing of the remainder of the claims, the "two orders, considered together, terminate[] [the] litigation just as effectively as would have been the

case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders." (*Jetco, supra*, 473 F.2d at p. 1231.) This result is consistent with the United States Supreme Court's "command that practical, not technical, considerations are to govern the application of principles of finality." (*Ibid.*)

Neither the judgment nor the earlier dismissal orders in the 2010 federal action adjudicated all the claims of the parties or expressly directed entry of judgment on fewer than all the claims in the action. Together, however, the orders and judgment disposed of all of the claims alleged in the plaintiffs' complaints. Accordingly, together they had the effect of a final judgment on all causes of action alleged.

Consequently, Hamlish's argument that the judgment in the 2010 federal action was not on the merits because the court dismissed the entire action for lack of subject matter jurisdiction is not supported by the record. The dismissal orders dismissed the various causes of action on the merits, either because they were barred by res judicata or because they failed to state a claim upon which relief could be granted. Only the last remaining claim for rescission of the CSA on the ground of duress was dismissed for lack of subject matter jurisdiction.

### C.     Claims based on the licensing agreement

The complaint in the 2010 federal action was filed by FRT, Zone and Barbis against Red Head and others. The current action was filed by FRT, Zone and Barbis against Red Head. Thus, for purposes of res judicata, the parties were the same.

The complaint in the 2010 federal action alleged substantially the same claims as those alleged in the first amended complaint in the current action; the federal law claims asserted in the 2010 action were omitted from the current action and some of the claims that were stated jointly by Zone and FRT in the federal complaint were separated into two causes of action in the current complaint. Nonetheless, the substance of all the claims made in the current complaint is contained in the causes of action alleged in the

9.

2010 federal complaint. Thus, for purposes of res judicata, the two actions presented the same causes of action.

The federal court, in its orders and judgment dismissing the 2010 federal action, determined all the claims plaintiffs alleged in that action that arose out of the trademark licensing agreement (that is, all of the causes of action except the three that sought rescission of the CSA) were res judicata because they duplicated causes of action alleged in the prior federal action and settled in the CSA and 2009 stipulated judgment. The federal court dismissed those causes of action with prejudice and a final judgment was entered in the 2010 federal action. A judgment determining a claim is barred by res judicata is a judgment on the merits, even if erroneous. (*Smith v. Smith* (1981) 127 Cal.App.3d 203, 209.) Plaintiffs did not appeal the judgment in the 2010 federal action.

Thus, the claims in the current action arising out of the trademark licensing agreement were brought by and against the same parties and presented the same claims as causes of action in the 2010 federal complaint. Those claims were finally determined adversely to plaintiffs by a judgment on the merits in the 2010 federal action. Because the determination that the claims based on the licensing agreement were barred by res judicata was clear when the final dismissal order and judgment in the 2010 federal action was entered, we conclude any reasonable attorney would agree those causes of action could not be relitigated in a subsequent state court action. Accordingly, the award of sanctions against Hamlish for refiling the claims arising out of the license agreement was proper.

### D.    Claims for rescission of the CSA

Five causes of action of the current first amended complaint allege claims for rescission of the CSA. These causes of action seek rescission on multiple grounds, including lack of consideration, consent to the agreement was given as a result of economic duress, and consent to the agreement was given under duress due to death threats to Barbis.

10.

The same grounds for rescission of the CSA were alleged in the 2010 federal action. The federal court dismissed with prejudice the causes of action seeking rescission of the CSA, with the exception of the claim for rescission of the CSA based on death threats, on the ground they failed to state a viable claim for relief. A dismissal for failure to state a claim in a federal action is ordinarily treated as an adjudication on the merits. (*Boccardo, supra,* 134 Cal.App.3d at p. 1042.) Such a judgment "'is on the merits if it is based on the substantive law, and determines that the plaintiff has no cause of action .… The judgment is not on the merits if it is based merely on rules of procedure, and determines only that the plaintiff is not entitled to recover in the particular action,'" as in a dismissal for lack of jurisdiction. (*Ibid*.)

The federal court concluded the claims for rescission of the CSA, with the exception of the claim based on duress due to death threats, failed to allege all the essential elements of the cause of action the plaintiffs attempted to allege. Thus, the federal court determined these claims were insufficient on the basis of substantive law, not procedure or jurisdiction. Accordingly, the judgment of the federal court in the 2010 action is res judicata as to the claims for rescission of the CSA, with the exception of the claim based on duress due to death threats; the judgment barred further litigation of those claims in the current action.

The claim for rescission of the CSA based on duress due to death threats to Barbis was not adjudicated on the merits. The second federal judge, when he made his May 22, 2013, order of dismissal, concluded the court lacked subject matter jurisdiction of the claim for rescission of the CSA, and dismissed it on that ground. Thus, there was no final judgment on the merits of the claim for rescission of the CSA based on death threats.

The third amended complaint in the 2010 federal action also sought rescission of the 2009 stipulated judgment (a claim that was not included in the Superior Court action). The federal court concluded it had subject matter jurisdiction of that claim because jurisdiction was expressly reserved in the stipulated judgment. The federal court treated

11.

the request to rescind the stipulated judgment as an independent action in equity to set aside the judgment under Federal Rule of Civil Procedure 60. The federal court stated a judgment may be set aside in an independent action only "'to prevent a grave miscarriage of justice,'" where the injustice is "'deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata'" (citing *United States v. Beggerly* (1998) 524 U.S. 38, 46-47). It added: "Courts generally will not set aside a judgment unless the party seeking relief shows that it is free of fault or negligence and that it has not delayed in seeking relief" (citing 12 Moore et al., Moore's Federal Practice (3d ed. 1997) ¶ 60.82).

The federal court reviewed the evidence then available and concluded the plaintiffs probably would not be able to muster enough evidence to prove duress by death threats. On that basis, as well as because of the delay in seeking to set aside the stipulated judgment, it concluded plaintiffs had not demonstrated the stipulated judgment should be set aside to avoid a grave miscarriage of justice.

The trial court in this action apparently applied collateral estoppel to conclude the federal court had already determined plaintiffs could not prove duress, so they were foreclosed from pursuing a cause of action for rescission based on duress. Collateral estoppel, also known as issue preclusion, "prevents 'relitigation of issues argued and decided in prior proceedings.' [Citation.] The threshold requirements for issue preclusion are: (1) the issue is identical to that decided in the former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding is final and on the merits, and (5) preclusion is sought against a person who was a party or in privity with a party to the former proceeding." (*Castillo v. City of Los Angeles* (2001) 92 Cal.App.4th 477, 481.)

The federal court did not make any factual finding regarding whether Barbis acted under duress in executing the CSA or stipulated judgment, or whether plaintiffs could

12.

prove he did so. The issue before the federal court was whether it should vacate the stipulated judgment to avoid a grave injustice. The federal court considered the apparent lack of evidentiary support in determining that issue. While it expressed doubt about whether plaintiffs would be able to prove the alleged duress, it made no final and binding determination of that issue. Thus, the issues in the two proceedings were not identical; the issue of duress by death threats was not actually litigated in the federal court action. There was no final adjudication of the absence of duress to collaterally estop relitigation of that issue in the present action.

The award of sanctions against Hamlish for filing the claim for rescission of the CSA on the ground of duress by death threats was inappropriate; that claim was not barred by res judicata or collateral estoppel. Further, because of significant ambiguities in the federal court's dismissal orders and judgment as to the other claims for rescission of the CSA, substantial evidence does not support the trial court's conclusion that "'any reasonable attorney would agree'" the other claims for rescission of the CSA were "'totally and completely without merit.'" (*Peake*, *supra*, 227 Cal.App.4th at p. 440.)

The federal court, through the first judge assigned to the case, dismissed with prejudice all the claims in the federal complaint except the claim for rescission of the CSA on the ground of duress by death threats. The claims were dismissed based on res judicata and failure to state a claim for relief, not on the ground of lack of jurisdiction. The second judge in the 2010 federal action, however, entered an order dismissing the final remaining claim for rescission of the CSA on the ground the federal court lacked subject matter jurisdiction of the claim. The second judge did not address the prior dismissal orders which, regarding the claims for rescission of the CSA, appear inconsistent on their face with the statements made in the second judge's order dismissing the remaining claim for lack of jurisdiction. The second judge did not set aside or modify the prior dismissal orders to make them consistent with its determination

13.

that the federal court lacked subject matter jurisdiction of the remaining claim for rescission of the CSA based on death threats.

The second federal judge then entered a judgment that did not reflect a resolution of all the claims that had been raised in the action. Rather, it referred to the second judge's May 22, 2013, "order dismissing Plaintiffs' claim to rescind a settlement agreement in a prior action for lack of subject matter jurisdiction," then entered judgment in favor of Red Head and against plaintiffs. The judgment does not address the claims arising out of the license agreement at all; it is not clear whether the judgment was intended to reflect a determination that all of plaintiffs' claims for rescission of the CSA were dismissed due to lack of subject matter jurisdiction, or whether the determination of lack of jurisdiction pertained only to the claim before the federal court at the time of the May 22, 2013, dismissal order: the claim for rescission of the CSA on the ground of duress by alleged death threats.

The federal court's order denying the defendants' motion for attorney fees in the 2010 federal action is similarly confusing. The order states: "Here, the Court dismissed for lack of subject matter jurisdiction the only claim in the complaint premised on a contract, namely Plaintiffs' claim to rescind the settlement agreement reached by the parties in the prior action." It adds: "accordingly, because no 'action on a contract' was ever properly before the Court, the Court cannot award fees and costs in accordance with [Civil Code] section 1717."

The federal court's order on attorney fees is ambiguous and confusing. It appears to address only the two causes of action alleged in the third amended complaint: one seeking rescission of the CSA on the ground of duress by alleged death threats and one seeking to set aside the 2009 stipulated judgment on the same ground. Yet the order more broadly states that "no 'action on a contract' was ever properly before the Court," suggesting the court was concluding the claims for rescission of the CSA on all grounds were not "properly before the Court" due to lack of subject matter jurisdiction.

14.

Because of the confusion in the federal court's dismissal orders and judgment, we conclude the trial court's findings that the federal court made clear and specific rulings, and therefore Hamlish's subsequent refiling of the same claims for rescission of the CSA was objectively unreasonable, are not supported by substantial evidence. Accordingly, the award of sanctions, which included sanctions against Hamlish for refiling the claims for rescission of the CSA, met the "abuse of discretion" standard.

## *DISPOSITION*

The order imposing sanctions against attorney, Richard Hamlish, is reversed. The matter is remanded to the trial court with directions to review the materials submitted in support of and opposition to the motion for sanctions and redetermine the appropriate amount of sanctions, if any, to impose against Hamlish, based on the attempt to relitigate the claims arising out of the license agreement (the first through sixth and twelfth through eighteenth causes of action). No sanctions against Hamlish shall be included for refiling the claims for rescission of the CSA. The parties are to bear their own costs on appeal.


_____
                    HILL, P.J.

WE CONCUR:


_____
LEVY, J.


_____
DETJEN, J.


15.